IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOE WALLACE,

Plaintiff,

v.

FISHER & LUDLOW, INC.,

Defendant.                                  Case No. 12-cv-977-DRH-PMF

MEMORANDUM & ORDER

HERNDON, Chief District Judge:

## I.   Introduction

Before the Court is defendant Fisher & Ludlow, Inc.'s ("defendant") motion to dismiss under Fed. R. Civ. P. 12(c) (Doc. 22). Defendant moves for judgment on the pleadings and dismissal of plaintiff Joe Wallace's ("plaintiff") first amended complaint (Doc. 20). Plaintiff has filed a response in opposition (Doc. 23), to which defendant has replied in accordance with Local Rule 7.1(c) (Doc. 24). For the following reasons, defendant's motion is **DENIED**.

## II.   Background and Allegations

Defendant employed plaintiff as a general production worker at its Litchfield, Montgomery County, Illinois, steel fabrication plant from November 5, 2007 (Doc. 20, ¶¶ 1-3), until plaintiff's termination on December 7, 2011 (*Id.* at ¶ 5). Plaintiff underwent back surgery in October 2010. He returned to work on approximately March 8, 2011. After requesting periodic leave under the Family Medical Leave Act ("FMLA") "for follow up medical care and physical therapy,"

Tom Clinard ("Clinard"), defendant's plant manager, "told [p]laintiff that he could not receive FMLA leave because the back condition was not work related." "Plaintiff suffered a serious medical condition and [d]efendant knew it" (*Id.* at ¶ 4). Plaintiff began taking off work "periodically for several days for follow up medical care and treatment." Defendant began "writing" plaintiff for his missed days, ending with November 14, 2011. Plaintiff brought in a doctor's note confirming the persistence of his medical condition. On December 7, 2011, plaintiff was "fired for absenteeism" (*Id.* at ¶ 5).

On this basis, Count I of plaintiff's amended complaint, "Wrongful Discharge," alleges his "termination was wrongful and violative of the [FMLA]," as he "was qualified under the Act for periodic FMLA leave," defendant "wrongly denied" him periodic FMLA leave, and defendant provided no explanation for its denial except to say the injury was not work-related (*Id.* at ¶ 6).

Plaintiff's Count II, "Intentional Infliction of Emotional Distress" ("IIED"), further alleges in part that upon plaintiff's return in March 2010, his supervisor, Dave Tieman ("Tieman"),

> [B]egan a series of harassing actions against [] [p]laintiff. [] Defendant knew that [] [p]laintiff had been off for a serious medical condition and had suffered the effects of a back condition. [] Defendant began a series and course of conduct against [] [p]laintiff by repeatedly haranguing [] [p]laintiff in front of his coworkers forcing [] [p]laintiff to repeat work he had already completed, criticizing [] [p]laintiff in a loud aggressive tone on the shop floor, threatening [] [p]laintiff's job, and doing these actions against [] [p]laintiff in a concerted fashion that was continuous.

(*Id.* at ¶ 10). Plaintiff alleges he filed a complaint under defendant's harassment policy (*Id.* at ¶ 11). Thereafter, Tieman "apologized and admitted that his behavior

had been inappropriate" (*Id.* at ¶ 12). However, following the apology, Tieman's harassment of plaintiff continued (*Id.* at ¶ 13). Plaintiff filed a second complaint against Tieman. Days later, defendant terminated plaintiff (*Id.* at ¶ 14). Plaintiff alleges defendant "knew or reasonably should have known," its actions, "would cause great emotional distress and suffering," "particularly where he was suffering a back condition that required medical care," and these actions, "resulted in profound and extreme emotional distress" (*Id.* at ¶ 19).

Defendant moves for judgment on the pleadings under FEDERAL RULE OF CIVIL PROCEDURE 12(c). As to Count I, defendant alleges plaintiff has not adequately alleged his status as an "eligible employee" under the FMLA. In part, defendant relies on plaintiff's alleged "attendance records" (Doc. 22-1). As to Count II, defendant argues plaintiff's allegations fail to establish the essential elements of an IIED claim. Plaintiff predictably opposes defendant's arguments.

### III.   Legal Standard

Rule 12(c) allows a party to move for judgment after the filing of the complaint and answer. Fed. R. Civ. P. 12(c). In reviewing a Rule 12(c) motion, a court applies the same standards applicable to a Rule 12(b)(6) motion seeking dismissal for failure to state a claim. *See Buchanan-Moore v. County of Milwaukee,* 570 F.3d 824, 827 (7th Cir. 2009). Thus, a court accepts as true all well-pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *See Rujawitz v. Martin*, 561 F.3d 685, 688 (7th Cir. 2009). Dismissal is warranted if the complaint fails to set forth "enough facts to state a claim to relief

that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Even though *Twombly* (and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)) retooled federal pleading standards, notice pleading remains all that is required in a complaint. "A plaintiff still must provide only 'enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (citation omitted).

With these principles in mind, the Court turns to Counts I and II of plaintiff's amended complaint.

## IV. Arguments and Application

### 1. Count I: Wrongful Discharge

Defendant argues plaintiff's allegations do not demonstrate he is an "eligible employee" under the FMLA. Under the FMLA, "eligible employees" may take unpaid leave in certain circumstances when the employee becomes unable to perform their job duties due to a serious health condition. 29 U.S.C. § 2612(a)(1)(D); *Caskey v. Colgate-Palmolive Co.*, 535 F.3d 585, 590 (7th Cir. 2008). The FMLA defines "eligible employee" as "an employee who has been employed—(i) for at least 12 months by the employer . . . and (ii) for at least 1,250 hours of services with such employer during the previous 12-month period." 29 U.S.C. § 2611(2)(A). "The determination of whether an employee [has

met the eligibility requirements] must be made as of the date the FMLA leave is to start." 29 C.F.R. § 825.110(d).

Defendant supports its argument with reference to plaintiff's alleged time records accompanied by an affidavit of Clinard (Doc. 22-1). A court must convert a Rule 12(c) motion to one for summary judgment to consider materials outside the pleadings. *See* Fed. R. Civ. P. 12(d); *R.J. Corman Derailment Servs., LLC v. Intl. Union of Operating Eng'rs., Local Union 150,* 335 F.3d 643, 647 (7th Cir. 2003). However, when the moving party presents "concededly authentic" documents referred to in the complaint and central to its claims, a district court is not required to convert the motion. *Santana v. Cook County Board of Review*, 679 F.3d 614, 619 (7th Cir. 2012); *Hecker v. Deere & Co.*, 556 F.3d 575, 582-83 (7th Cir. 2009); *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002); *see also* Fed. R. Civ. P. 10(c).

Defendant argues the Court may rely on plaintiff's alleged time records without converting its motion to one for summary judgment under Rule 56. Defendant argues plaintiff's time records are both referred to in his complaint and central to his claims. Plaintiff responds that the time records defendant relies upon are not covered under the narrow exception contemplated by the Seventh Circuit and the applicable federal rules and this Court's reliance on such documents would require it to convert the motion.

This Court is in agreement with plaintiff. Defendant's submitted affidavit and records are not referenced in or attached to plaintiff's complaint and are not

"concededly authentic." The Court finds that the time records and attached affidavit are not "part of the pleadings." *Cf. Santana,* 679 F.3d at 619 (meeting transcript and news segment were both documents to which complaint referred and concededly authentic and thus not "outside the pleadings"); *Hecker,* 556 F.3d at 583 (complaint explicitly referred to the summary plan descriptions and trust agreement and both were central to plaintiff's case and thus fit within exception to Rule 12(d)); *Tierney,* 304 F.3d at 738 (letter attached to complaint became part of the complaint for all purposes under Rule 10(c)). Plaintiff states discovery is necessary to authenticate defendant's submissions. The Court feels it would have to convert defendant's instant motion to one for summary judgment under Rule 56 to consider properly defendant's submissions and arguments. The Court exercises its discretion in handling defendant's motion as a straight-forward motion for judgment on the pleadings and will not convert it to a motion for summary judgment under Rule 56. *See Levenstein v. Salafsky,* 164 F.3d 345, 347 (7th Cir. 1998).

Assuming the truth of plaintiff's allegations and drawing all inferences in his favor, plaintiff has alleged a plausible claim under the FMLA, in light of defendant's specific arguments. Plaintiff began working for defendant in November 2007. Following his back surgery in October 2010, he returned to work on approximately March 8, 2011. Upon his return, Clinard told plaintiff he could not receive his requested periodic FMLA leave because his condition was not work related. Defendant "began writing" him up for days missed related to his medical

care and treatment, ending with November 14, 2011. Plaintiff alleges his termination on December 7, 2011, "was wrongful and violative of the [FMLA]," and that he "was qualified under [the FMLA] for periodic FMLA leave."

On the basis of the above, it is well within the bounds of plausibility that plaintiff met the hours of service requirement at the beginning of his requested leave period. Defendant essentially argues that plaintiff must specifically allege that he worked 1,250 hours in the twelve months preceding his requested leave. The Court finds such specific factual allegations are not necessary to provide defendant adequate notice of the claims against it. Plaintiff's allegations are sufficient under the standards of *Twombly* and *Iqbal*. On this basis, defendant's motion for dismissal of plaintiff's amended Count I is denied.

### 2. Count II: IIED

In Illinois, to establish a *prima facie* claim for IIED, a plaintiff must allege that: (1) the conduct involved is truly extreme and outrageous; (2) the actor either intended that his conduct inflict severe emotional distress, or knew there was at least a high probability that the conduct would inflict severe emotional distress; and (3) the conduct did in fact cause severe emotional distress. *Honaker v. Smith*, 256 F.3d 477, 490 (7th Cir. 2001) (applying Illinois law). A defendant's conduct must be such that the "recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" *Doe v. Calumet City*, 641 N.E.2d 498, 507 (Ill. 1994) (quoting Restatement (Second) of Torts § 46 cmt. *d*, at 73 (1965)).

Defendant argues plaintiff's allegations do not describe conduct that is extreme and outrageous and do not adequately allege intent. In *McGrath v. Fahey,* 533 N.E.2d 806, 809-10 (Ill. 1988), the court cited factors that help inform the admittedly vague "Outrageous!" standard. *Id.* For example, "the degree of power or authority which a defendant has over a plaintiff can impact . . . whether that defendant's conduct is outrageous," and the "more control which a defendant has over the plaintiff, the more likely that defendant's conduct will be deemed outrageous, particularly when the alleged conduct involves either a veiled or explicit threat to exercise such authority or power to plaintiff's detriment." *Honaker,* 256 F.3d at 491 (quoting *McGrath,* 533 N.E.2d at 809–10).

In the context of an employer-employee relationship, courts have found extreme and outrageous behavior where the "employer clearly abuses the power it holds over an employee in a manner far more severe than the typical disagreements or job-related stress caused by the average work environment." *Id*. Courts consider "whether the plaintiff is particularly susceptible to emotional distress because of some physical or mental condition or peculiarity; behavior that otherwise might be considered merely rude, abrasive or inconsiderate may be deemed outrageous" if the actor knew the plaintiff was particularly susceptible. *Id*. at 492.

Again, assuming the truth of plaintiff's allegations, the Court finds plaintiff's claim survives dismissal under the standards of *Twombly* and *Iqbal.* As to the nature of the conduct alleged, plaintiff cites continuous harassment, yelling,

threats of job loss, criticism, defendant's control, and its knowledge of his medical condition. Further, plaintiff alleges defendant terminated plaintiff shortly after he filed his second complaint of harassment. Plaintiff alleges "[d]efendant knew or reasonably should have known" it actions would cause great emotional distress.

The Court is of course aware that in the employment context, conduct must amount to more than mere "personality conflicts and questioning of job performance," which constitute "unavoidable aspects of employment," to support a claim for IIED. *Van Stan v. Fancy Colours & Co.,* 125 F.3d 563, 567 (7th Cir. 1997) (applying Illinois law) (quoting *Heying v. Simonaitis,* 466 N.E.2d 1137, 1144 (Ill. 1984)). It is unclear whether plaintiff will ultimately prevail. However, at this stage of the litigation, the Court merely finds that the alleged facts contained in the amended complaint state a cause of action for IIED. Defendant's request for dismissal of plaintiff's amended Count II is denied.

## V. Conclusion

For the reasons set forth above, defendant's motion to dismiss under Fed. R. Civ. P. 12(c) is **DENIED** (Doc. 22).

**IT IS SO ORDERED**.

Signed this 19th day of September, 2013.

Digitally signed by David R. Herndon
Date: 2013.09.19 12:15:33 -05'00'

**Chief Judge**
**United States District Court**