UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

JOE WALLACE,

**Plaintiff,**

v.

**FISHER & LUDLOW, INC.**

**Defendant.**                                        Case 12-cv-977-DRH-PMF

ORDER TO SHOW CAUSE

**HERNDON, Chief Judge:**

Due to plaintiff's failure to diligently pursue his claims, the Court now **DIRECTS** plaintiff to **SHOW CAUSE** and **RESPOND** to defendant's motion for summary judgment on or before **January 6, 2014,** or risk judgment being entered in defendant's favor.

The Court, on motion of plaintiff's counsel, allowed attorney Greg Roosevelt to withdraw from further representation of plaintiff, on October 1, 2013. The Court advised plaintiff that he must obtain other counsel within 21 days of entry of the Court's Order of withdrawal. As of this date, no new counsel has entered an appearance.

Additionally, on October 9, 2013, defendant moved for summary judgment under Rule 56, on all of plaintiff's claims (Doc. 35). *See* Fed. R. Civ. P. 56. Plaintiff's allotted time for responding to defendant's motion has passed. *See* SDIL-LR 7.1.

However, the FEDERAL RULES OF CIVIL PROCEDURE forbid a district court from acting on a summary judgment motion without giving the nonparty a reasonable opportunity to respond. Fed. R .Civ. P. 56. A motion for summary judgment should not be granted against a *pro se* litigant unless the *pro se* litigant receives clear notice of the need to file affidavits or other responsive materials and of the consequences of not responding. *See Timms v. Frank*, 953 F.2d 281, 284 (7th Cir. 1992). This "notice" should include a short, plain statement of the need to respond to a summary judgment motion, giving both the text of Rule 56(e) and an explanation of the rule in ordinary English. *Id*. If opposing counsel fails to provide the requisite notice then the district court should do so. *Id*.

Here, the Court must provide plaintiff with the proper notice as defendant has not. Thus, the Court **DIRECTS** plaintiff to follow FEDERAL RULE OF CIVIL PROCEDURE 56, particularly Rule 56(e), in responding to the motion for summary judgment (Doc. 35). Rule 56(e) states:

> **(e) Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> **(1)** give an opportunity to properly support or address the fact;
>
> **(2)** consider the fact undisputed for purposes of the motion;
>
> **(3)** grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or

**(4)** issue any other appropriate order.

Further, the Court **ADVISES** plaintiff that the failure to respond to the evidence presented in support of defendant's motion for summary judgment with evidence of his own may result in the dismissal of his case with prejudice in favor of defendant. Specifically, any factual assertion will be taken as true by the Court unless plaintiff submits his own affidavits or other documentary evidence contradicting the assertion. In other words, plaintiff cannot merely rely upon the allegations of his complaint to survive the motion for summary judgment. *See Bryant v. Madigan*, 84 F.3d 246, 248 (7th Cir. 1996). A copy of Rule 56 of the FEDERAL RULES OF CIVIL PROCEDURE is attached to this Order.

Thus, the Court **ALLOWS** plaintiff up to and including **January 6, 2014,** to **SHOW CAUSE** why this Court should not dismiss his case for failure to prosecute and to **RESPOND** to defendant's motion for summary judgment (Doc. 35). Plaintiff's failure to show cause and respond to the motion shall result in dismissal of plaintiff's claims with prejudice and judgment being entered in favor of defendant and against plaintiff.

**IT IS SO ORDERED.**

Signed this 18th day of November, 2013.

Digitally signed by David R. Herndon
Date: 2013.11.18 10:20:41 -06'00'

**Chief Judge**
**U.S. District Court**